1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                         FOR THE DISTRICT OF ARIZONA
8
9    Justin C. Bowman,                        No. CV-14-0733-PHX-DJH
10                         Petitioner,         **ORDER**
11   v.
12   Charles L. Ryan, et al.,
13                         Respondents.
14
15
16           This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus
17   pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R")
18   issued by United States Magistrate Judge Michelle H. Burns (Doc. 18).  Following a jury
19   trial in 2010, Petitioner was convicted of 32 criminal counts involving sexual offenses
20   with minors.  (Doc. 18 at 3).  He was sentenced to concurrent and consecutive prison
21   terms totaling 682 years.  (*Id.*).  He raised ten grounds for relief in the Petition, including
22   two Confrontation Clause violations, three Due Process Clause violations, and five
23   claims of ineffective assistance of trial counsel in violation of the Sixth Amendment.
24   (Doc. 18 at 1-2).  After consideration of the issues, Judge Burns concluded that
25   Petitioner's first two claims lack merit and the remaining eight claims are procedurally
26   defaulted.  (Doc. 18 at 19-20).  Accordingly, Judge Burns recommends the Petition be
27   denied.  (Doc. 18 at 20).
     *///*
28

1    Judge Burns advised the parties that they had fourteen days to file objections and

2    that the failure to file timely objections "may result in the acceptance of the Report and

3    Recommendation by the district court without further review."  (Doc. 18 at 20) (citing

4    *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)).   The

5    parties have not filed objections and the time to do so has expired.   Absent any

6    objections, the Court is not required to review the findings and recommendations in the

7    R&R.   *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the

8    Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any

9    review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328

10   F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo

11   any part of the magistrate judge's disposition that has been properly objected to.").

12    Nonetheless, the Court has reviewed the R&R and agrees with its findings and

13   recommendations.  The Court will, therefore, accept the R&R and deny the Petition.  *See*

14   28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole

15   or in part, the findings or recommendations made by the magistrate judge."); 

16   Fed.R.Civ.P. 72(b)(3) (same).

17    Accordingly,

18    **IT IS ORDERED** that Magistrate Judge Burn's R&R (Doc. 18) is **accepted** and

19   **adopted** as the order of this Court.

20    **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus

21   pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

22    **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

23   Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis*

24   on appeal are **denied** because dismissal of the Petition is justified by a plain procedural

25   bar and jurists of reason would not find the procedural ruling debatable, and Petitioner

26   has not made a substantial showing of the denial of a constitutional right.

27   ///

28   ///

1    **IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action

2    and enter judgment accordingly.

3    Dated this 28th day of July, 2015.

4

5

6    Honorable Diane J. Humetewa

7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28